James Michael **FORAN**, Plaintiff,

v.

John **WEINHOFF**, Elmer **Rissner**, William **Rice**, Frank **Jakzewski**, and Otto **Schneider**, Members of Milwaukee County Local Board 43, Selective Service System, Defendants.

No. 68–C–59.

United States District Court
E. D. Wisconsin.

Oct. 4, 1968.

Appeal Dismissed Feb. 24, 1969.
See 89 S.Ct. 869.

Usow, Teper & Weiss, Milwaukee, Wis., for plaintiff.

James B. Brennan, U. S. Atty., by Thomas R. Jones, Asst. U. S. Atty., Milwaukee, Wis., for defendants.

## DECISION

Before FAIRCHILD, Circuit Judge, REYNOLDS and GORDON, District Judges.

MYRON L. GORDON, District Judge.

Notwithstanding the plaintiff's claim that he is a conscientious objector, his local selective service board ordered him to report for induction into the military service. In this civil action, the plaintiff challenges the constitutionality of § 460(b) (3) of Title 50 U.S.C.App. This section was enacted by Congress in June, 1967 and states in part as follows:

"No judicial review shall be made of the classification or processing of any registrant by local boards, appeal boards, or the President, except as a defense to a criminal prosecution instituted under section 12 of this title, after the registrant has responded either affirmatively or negatively to an order to report for induction, or for civilian work in the case of a registrant determined to be opposed to participation in war in any form: *Provided,* That such review shall go to the question of the jurisdiction herein reserved to local boards, appeal boards, and the President only when there is no basis in fact for the classification assigned to such registrant. * * * "

The local selective service board made its order on February 16, 1968; it directed Mr. Foran to report for induction on March 8, 1968. Prior to the latter date, the plaintiff sought review of his classification by commencing an action in the district court for the eastern district of Wisconsin. Chief Judge Robert E. Tehan, who presided at the hearing in the previous action (Case No. 68–C–15), dismissed that case on February 19, 1968, and no appeal therefrom was taken by Mr. Foran.

All the members of this three-judge court are seriously troubled by the procedural aspects of the instant action since substantially the basic question raised in the present case was resolved adversely to Mr. Foran in the previous action. Notwithstanding the fact that the plaintiff's current action may be subject to the defense of res judicata, the court chooses to base its decision upon the merits, and thus will now consider the question of the plaintiff's claimed constitutional right to judicial review prior to his induction into military service.

The language of § 460(b) (3) is reasonably clear; it establishes that it was the intention of Congress to preclude the type of judicial review which Mr. Foran seeks in the case at bar. It is Mr. Foran's contention, however, that the statute is unconstitutional because it denies him due process of law. The plaintiff claims that in order to obtain judicial review, he must either suffer indictment or must violate his conscience and submit himself for induction. The plaintiff argues that these alternatives are so grossly unreasonable and unfair that they rise to the dignity of being an invasion of due process.

Judge Fairchild and the writer of this opinion, find no merit in the plaintiff's claim that there is an abuse of due process inherent in § 460(b) (3). In Falbo v. United States, 320 U.S. 549, at page 554, 64 S.Ct. 346, at page 349, 88 L.Ed. 305, the question of a conscientious objector's right to judicial review of his classification prior to the time he actually reported for service was discussed. The court stated:

"Even if there was, as the petitioner argues, a constitutional requirement that judicial review must be available to test the validity of the decision of the local board, it is certain that Congress was not required to provide for judicial intervention before final acceptance of an individual for national service."

The drafting of young men for military service is a difficult and often painful matter. The Congress has indeed set a thorny path before any young man who seeks to challenge his draft classification in a court of law. The timing of such review is a matter fairly within the discretion of the Congress. The statutory direction that such review may not be had until after indictment or induction presents the prospective draftee

## 500

with an onerous choice, but it cannot be said to violate due process of law.

Understandably, Mr. Foran would rather have an advance judicial determination of the regularity of his classification, but the Congress has determined that in this situation he must bear the risk of establishing the error of his classification. As Mr. Justice Holmes said in Nash v. United States, 229 U.S. 373, 377, 33 S.Ct. 780, 781, 57 L.Ed. 1232 (1913):

> "The law is full of instances where a man's fate depends on his estimating rightly, that is, as the jury subsequently estimates it, some matter of degree; if his judgment is wrong, not only may he incur a fine or a short imprisonment * * * he may incur the penalty of death."

The challenged section of the code is constitutional; it does not infringe on the plaintiff's right to due process. In making this determination, we are mindful that the supreme court of the United States has recently granted review in Oestereich v. Selective Service System Local Board No. 11, 391 U.S. 912, 88 S. Ct. 1804, 20 L.Ed.2d 651 (May 21, 1968). In that case, the court of appeals for the 10th circuit had previously ruled that prior judicial review was not available to Mr. Oestereich, who sought to challenge the reclassification which deprived him of a ministerial student exemption. 390 F.2d 100 (10th Cir. 1968). We understand that the solicitor general of the United States supported the theory of judicial review in the *Oestereich* Case because it turned on the propriety of a board's rejecting a direction of the Congress. Mr. Foran, on the other hand, is seeking to challenge a determination which the Congress saw fit to leave within the judgment of the selective service boards, namely, whether one shall be classified as a conscientious objector.

We have been informed that after the foregoing opinion was prepared, but before issuance, Mr. Foran appeared at the induction station in Milwaukee in response to an order for induction and refused to submit to induction. These facts may render the case moot as now claimed by the government, but denied by plaintiff Foran.

Plaintiff Foran has also applied for an order restraining prosecution for refusal to submit to induction.

Without deciding whether or not the case has become moot, we dismiss upon the merits in accordance with the foregoing opinion and deny plaintiff's application for an order restraining prosecution.

Judge REYNOLDS dissents from the decision on the merits, but he agrees that the application for a restraining order should be denied.